STATEMENT OF THE CASE
 

 CLARENCE E. McMANUS, Judge.
 

 |2Bonnie Ann Walle and Michael M. Heller, owners of property at 3113 David Dr. in Metairie, LA, executed a lease agreement with Subway Real Estate Corporation (“Subway”) for the purpose of operating a fast food restaurant and drive through. David Drive Enterprises, L.L.C. (“David Drive”) later became the successor in interest on the lease for Walle and Heller when they formally transferred the property to the limited liability company.
 

 The lease was for a term of five years, commencing May 1, 1999 and ending April 30, 2004, with an option to renew. The lease required Subway to provide insurance coverage on the leased premises, at its expense, including insurance to cover loss of rent for one year. The lease also stated that any sublease shall contain the provisions of this lease and Subway shall not be relieved of the obligation to pay rent or perform any other obligation because of a sublease.
 

 The lease also contained numerous riders. One rider provided that Subway could sublet the premises to a licensee or franchisee doing business as a SUBWAY® sandwich shop without prior consent or written notice to David Drive. Another rider to the lease required David Drive to give written notice to Subway within 30 days of any default under the lease by a sublessee of Subway. This rider |awas included since Subway could be subletting the property to a franchisee and the rent could be paid directly to David Drive without Subway knowing if the rent had been paid.
 

 On July 13, 1999, Subway entered into a sublease agreement with Patricia and Jay Hardgrave, who owned a SUBWAY® franchise. The sublease on the premises was for the full term of the master lease between Subway and David Drive. The Hardgraves, as sublessee, agreed to perform and observe all of the obligations of Subway under the master lease and make rental payments directly to David Drive. The sublease further provided that, in addition to any indemnity provisions of the master lease, the Hardgraves agreed to indemnify and hold Subway harmless from and against all liability, injury, loss, cost (including attorney’s fees), damage and expense for any injury or damage to any property.
 

 The Hardgraves operated the SUBWAY® restaurant at the leased property through R.J.P. Enterprises, L.L.C. Jay Hardgrave testified in his deposition that he, his sister-in-law Patricia Hardgrave, and his brother Robert Hardgrave, were the only three members of the limited liability company. He believed RJP Enterprises and he and Patricia individually were one and the same for the purpose of the restaurant on David Drive. At the time of Hurricane Katrina in August 2005, R.J.P. Enterprises had insurance coverage with State Farm Fire & Casualty Company (“State Farm”). The policy listed David Drive as an additional insured.
 

 Hurricane Katrina caused substantial damage to the building that was the subject of the original lease and sublease, where the restaurant was located. The
 
 *915
 
 restaurant did not reopen following Hurricane Katrina, therefore, the Hardgraves ceased making rental payments. David Drive did not notify Subway that the Hardgraves had stopped making the rental payments. The Hardgraves made claims on the insurance policy with State Farm for the damage to the restaurant 14and loss of rent. State Farm paid R.J.P. Enterprises $176,036.92 for the damages to the leased premises, including damages to the building and contents. Further, State Farm paid R.J.P. Enterprises $72,788.00 for loss of rent. These funds were deposited into R.J.P. Enterprises’ bank accounts. R.J.P. Enterprises did not pay Subway or David Drive any of the proceeds received from State Farm.
 

 David Drive filed suit against Subway, the Hardgraves, R.J.P. Enterprises, and State Farm, seeking to receive the insurance proceeds paid by State Farm to R.J.P. Enterprises for the Hurricane Katrina damages. State Farm was voluntarily dismissed after proving it had paid proceeds to R.J.P. Enterprises according to the terms of the policy. David Drive filed a motion to deposit the disputed funds into the registry of the court on May 21, 2007. R.J.P. Enterprises and the Hardgraves responded that there were no funds to deposit. The trial court mistakenly signed a judgment ordering these funds to be deposited, but later vacated that judgment. David Drive then filed a motion for summary judgment on October 29, 2007. After a hearing, the trial court denied the motion.
 

 Thereafter, the parties stipulated to all material facts and on March 11, 2009, they filed a joint motion for summary judgment in order to have the trial court determine, as a matter of law, their legal obligations pursuant to the lease and sublease. A hearing was held April 15, 2009 and the trial court issued a judgment and written reasons on May 5, 2009. The trial court denied the motion for summary judgment by the Hardgraves and R.J.P. Enterprises. The trial court granted David Drive’s motion for summary judgment and awarded David Drive $205,608.92 in damages, plus $51,402.23 in attorney’s fees, and $1,272.62 in costs. The trial court further found the Hardgraves, R.J.P. Enterprises, and Subway were liable in solido for these damages. Additionally, the trial court partially granted the motion for summary judgment by Subway and found Subway is | ^entitled to full indemnification from the Hard-graves and R.J.P. Enterprises for any payments made to satisfy any portion of the judgment.
 

 On May 21, 2009, Subway filed a motion for new trial on the issue of the amount of attorney’s fees awarded. On May 26, 2009, R.J.P. Enterprises and the Hard-graves filed a motion for suspensive appeal, but failed to post the necessary security. The trial court then granted the new trial filed by Subway in open court on July 22, 2009. The trial court executed an amended judgment on August 21, 2009 awarding only $44,000.00 for attorneys fees.
 

 David Drive then filed a motion to dismiss the appeal of R.J.P. Enterprises and the Hardgraves for lack of jurisdiction. On September 29, 2009, this Court dismissed the appeal of the Hardgraves and R.J.P. Enterprises, but reserved the parties’ rights to appeal both the original May 5, 2009 judgment and the August 21, 2009 amended judgment of the trial court. On October 16, 2009, Subway filed a motion for devolutive appeal. R.J.P. Enterprises and the Hardgraves did not file a subsequent appeal, following the dismissal of their appeal by this Court on September 29, 2009.
 

 On February 1, 2010, David Drive filed an answer to Subway’s appeal seeking an
 
 *916
 
 amendment of the trial court judgment for interest awards not included in the trial court judgment. R.J.P. Enterprises and the Hardgraves have not filed an answer or response to the appeal by Subway. For the reasons which follow, we affirm the trial court’s judgments, as amended.
 

 DISCUSSION
 

 On appeal, Subway asserts three assignments of error. First, Subway contends the trial court erred in failing to enforce the contractual waiver of claims provision since David Drive failed to give Subway notice of a default by R.J.P. Enterprises or the Hardgraves when they ceased making rental payments. Second, |fiSubway argues the trial court erred in awarding David Drive recovery of all sums paid by State Farm, particularly the $44,816.91 for the contents of the restaurant. Finally, Subway argues the trial court erred in disregarding the contractual limitation for the monetary default of six months’ rent, which would have been $14,786.00.
 

 David Drive filed an answer to Subway’s appeal asserting that the trial court’s award be affirmed, but also amended to add judicial interest on the $205,608.92 damage award from the date of judicial demand until paid, and further to add judicial interest on the $44,000.00 attorney’s fee award. David Drive also seeks the costs of appeal from Subway.
 

 In opposition to Subway’s appeal, David Drive asserts first that notice to Subway of the Hardgraves default or failure to pay rent was impossible in the aftermath of Hurricane Katrina. Further, David Drive asserts that the hurricane ultimately terminated the lease by destroying the building, therefore, it was not required to give notice to Subway.
 

 Second, David Drive argues the $44,816.19, which Subway claims was paid for personal property of the Hardgraves and R.J.P. Enterprises, was also for some items on the property that did not belong to the Hardgraves or RJ.P. Enterprises, such as a freezer. Also, David Drive asserts that neither the Hardgraves, R.J.P. Enterprises, nor Subway raised this issue in the trial court, thus, it should not be addressed in this appeal. Further, the Hardgraves and R.J.P. Enterprises have chosen not to file an appeal, nor have they participated in the appeal filed by Subway.
 

 Finally, David Drive argues it is entitled to the one year loss of rent in accordance with the lease agreement. Subway has argued that David Drive is only entitled to six months rent based on a Rider attached to the lease. However, this |7Rider and cap of six months rent is only for a monetary default. David Drive submits that this situation does not involve a monetary default, but rather David Drive is seeking to enforce the contractual provision providing a duty by the Hardgraves to provide insurance coverage for the premises and one year of lost rent.
 

 A motion for summary judgment is a procedural device used when there is no genuine issue of material fact.
 
 Duncan v. U.S.A.A. Ins. Co.,
 
 06-363, (La.11/29/06), 950 So.2d 544. Appellate courts review summary judgment de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 Id.,
 
 citing
 
 Schroeder v. Board of Supervisors of Louisiana State Univ.,
 
 591 So.2d 342, 345 (La.1991). On agreement of the parties, there were no genuine issues of material fact in this case. Therefore, the trial court determined whether the parties were entitled to summary judgment as a matter of law. For the following reasons, we agree with the trial court’s grant of summary judgment in favor of David Drive, the grant of partial summary judgment in favor of Subway, and the denial of the summary
 
 *917
 
 judgment of the Hardgraves and R.J.P. Enterprises. We also find the trial court correctly amended the original judgment regarding attorney’s fees.
 

 First, we disagree with Subway’s argument and find the rider to the lease agreement relied on by Subway, which required notice from David Drive to Subway in the event of a default, does not apply to this situation. The rider to the lease agreement stated:
 

 R3. Landlord and Tenant acknowledge that it is extremely important that rent be paid in a timely manner as required by this Lease. Since the Tenant may be subletting the Premises to a licensee/franchisee of Doctor’s Associates, Inc. and the licensee/franchisee may be paying rent directly to the Landlord, the Tenant does not receive rental income and will not know if rent has not been paid. Since the parties recognize that time is of the essence in this matter, Landlord agrees to give written notice to Tenant within thirty |s(30) days of any default committed under this Lease by a sublessee or assignee of Tenant. Failure of Landlord to give such notice will constitute a waiver of monetary and non-monetary claims against the Tenant. Any notice which is to be given to Tenant shall be deemed sufficiently given if sent by certified or registered mail, postage prepaid, addressed as follows:
 

 Tenant: (1) Subway Real Estate Corp.
 

 325 Bic Drive
 

 Milford, CT 06460-3059
 

 (2) To the Development Agent at:
 

 724 Adams St.
 

 New Orleans, LA 70118
 

 (3) And the demised premises.
 

 The Hardgraves do not dispute the fact that following Hurricane Katrina, they ceased making rental payments to David Drive. Jay Hardgrave testified in his deposition that they ceased making payments upon instructions from the Subway Restaurant Corporate office. He further stated that, based on advice of his attorney, he believed there was no longer a valid lease.
 

 The subject property where the restaurant was located was destroyed in Hurricane Katrina. We agree with the trial court that the lease was automatically terminated since the property was destroyed. We agree with the trial court’s conclusion that this rider applied to a default involving the failure of a sublessee to pay rent during the regular course of business and not this situation which involved the destruction of the building that was the subject of the lease following a specific event. Since we find this rider does not apply to this situation, Subway remains liable under the terms of the original lease agreement with David Drive.
 

 We further affirm the trial court’s award of $205,608.92 to David Drive for the insurance proceeds it was entitled to pursuant to the lease agreement. The testimony and evidence presented at the hearing demonstrated that this was the total amount of insurance proceeds paid to R.J.P. Enterprises, or the Hardgraves, | ciby State Farm for the damages sustained to the restaurant as a result of Hurricane Katrina. David Drive is entitled to these proceeds under the lease agreement. David Drive is the owner of the property and was listed as an additional insured on the insurance policy.
 

 On appeal, Subway argues David Drive is not entitled to $44,816.19 paid for the personal property of the Hardgraves and R.J.P. Enterprises. However, as noted by David Drive in its opposition, Jay Hard-grave testified in his deposition that this amount represented some personal property of the business, but also items such as a freezer that were fixtures in the building. Mr. Hardgrave gave no further explanation of what personal property would have
 
 *918
 
 been covered by this insurance payment. Thus, we find the trial court correctly included the insurance payment for the contents of the building in the total award for David Drive.
 

 We also find that David Drive is entitled to the one year loss of rent awarded by the trial court. The lease agreement provided the following:
 

 17. At all times during the term of this lease and as part of the consideration of this lease, Lessee shall provide and maintain, at Lessee’s expense, the following insurance in favor of Lessor as the insured:
 

 (a) “All Risk” Insurance, covering all improvements located on the leased premises, in such amount and with such provisions so as to cover their full replacement cost;
 

 (b) “All Risk” Insurance covering loss of rents, in an amount not less than the amount of the rent under this lease for one (1) year;
 

 [[Image here]]
 

 Additionally, the sublease between Subway and the Hardgraves provided that the sublessee must perform all obligations of the original lease. Therefore, we find the Hardgraves were responsible for providing the insurance coverage required by the lease between Subway and David Drive. R.J.P. Enterprises obtained a policy of insurance from State Farm. This insurance policy was in effect at the time of Hurricane Katrina. The policy also listed David Drive Enterprises as an additional insured, as required by the original lease between | mDavid Drive and Subway. After the hurricane, State Farm paid the Hard-graves one year loss of rent. Therefore, pursuant to the lease agreement, David Drive is entitled to this amount representing one year of loss of rent.
 

 Finally, we find that David Drive is entitled to judicial interest on the award of damages and attorney’s fees as requested in its answer to this appeal. LSA-C.C.P. art. 1921 provides that “[t]he court shall award interest in the judgment as prayed for or as provided by law.” David Drive correctly asserts on appeal that the claims made in its petition are claims arising from money due pursuant to a contract. In this case, David Drive seeks amounts due to it pursuant to the lease agreements. Subway argues in opposition that David Drive did not specifically request judicial interest in its petition or amended petition, therefore, David Drive is not entitled to interest on any award. We note that David Drive’s petition does request “all other and further relief to which it is entitled.” Thus, we find David Drive is entitled to judicial interest on the award for damages and attorney’s fees, from the date of judicial demand, even though judicial interest was not specifically requested in its petition. We also find each party is responsible for their own costs of appeal.
 

 Accordingly, we affirm the trial court’s award of $205,608.92 in damages and $44,000.00 in attorney’s fees to David Drive. However, we amend the judgment to also include an award of judicial interest from the date of demand. We further order each party to pay their own costs of appeal.
 

 AMENDED; AFFIRMED AS AMENDED.